Filed 10/23/20  P. v. Pacheco CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>  v.<br><br>BENJI RAFAEL PACHECO, SR.,<br><br>        Defendant and Appellant. | C091110<br><br>(Super. Ct. No. MANCRFE20190010634) |

Appointed counsel for defendant Benji Rafael Pacheco, Sr., filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

FACTUAL AND PROCEDURAL BACKGROUND

Defendant attempted by means of threats and violence to deter and prevent Officer Belmonte, an executive officer, from performing his duty. Defendant was charged with resisting an executive officer (Pen. Code, § 69—count 1),[1] removing a weapon from a peace officer (§ 148, subd. (b)—count 2), felony vandalism (§ 594, subd. (b)(1)—count 3), assault on a peace officer (§ 245, subd. (c)—count 4), battery on a peace officer (§ 243, subd. (b)—count 5), and resisting or obstructing a police officer (§ 148, subd. (a)(1)—count 6). It was further charged as to counts 1, 2, 3, and 4 that defendant had suffered two prior strike convictions. (§§ 1170.12, subd. (b), 667, subd. (d).)

Criminal proceedings were suspended for a competency examination. (§ 1368.) Defendant was found competent to stand trial. The trial court scheduled a pretrial mental health diversion eligibility hearing pursuant to section 1001.36, and he was found eligible for diversion. Subsequently, in exchange for the promise of a three-year sentence, defendant entered a no contest plea to count 1, resisting an executive officer. The remaining counts and enhancements were dismissed. Pursuant to the plea agreement, the court imposed the upper term of three years in state prison. The court granted 94 days custody credit, 47 actual days and 47 conduct days. The court ordered defendant to pay a conviction assessment of $30 (Gov. Code, § 70373), a court operations assessment of $40 (§ 1465.8), and a restitution fine of $300 (§ 1202.4, subd. (b)), with an additional $300 parole revocation fine, which was stayed pending successful completion of parole (§ 1202.45).

Defendant filed an ex parte motion for the disposition of fines, requesting to have his fines converted to custody time to be served concurrently with his sentence, which was denied. Defendant filed a notice of appeal and requested but did not obtain a certificate of probable cause.

---

[1] Undesignated statutory references are to the Penal Code.

2

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.

Defendant filed a supplemental brief, arguing that his due process rights were violated in the negotiation of his plea after the trial court's finding that he was eligible for mental health diversion because he was not adequately accommodated in accordance with the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq.) (ADA). He asserts that after the court found him eligible for mental health diversion, he was given two options for a plea, one that included diversion and one that did not. Defendant appears to contend that because he was given an option to forego mental health diversion in discussing his plea options with defense counsel, his rights under the ADA were violated. Defendant's claim that he was not accommodated under the ADA is neither supported by the record nor subject to appellate review. It appears that defendant's complaints are based on alleged acts or omissions that are not contained in the record on appeal. To the extent defendant's purported ADA claim is related to an issue arising during the plea and sentencing, the argument is forfeited by his failure to raise it in the trial court below. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 [failure to timely raise a sentencing issue in the trial court forfeits the issue for appellate review].) And to the extent that his claim raises errors arising prior to the plea, it attacks the validity of his plea and his failure to obtain a certificate of probable cause forfeits the issue for appellate review. (*People v. LaJocies* (1981) 119 Cal.App.3d 947, 956-957.) Accordingly, his claim of error is not properly asserted on appeal and we reject it.

3

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

DISPOSITION

The judgment is affirmed.

_____/s/_____
BLEASE, Acting P. J.

We concur:

_____/s/_____
HOCH, J.

_____/s/_____
KRAUSE, J.